■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUES ALEXANDER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered August 1, 1983, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's pretrial motion which sought suppression of physical evidence (Browne, J.).

Judgment reversed, on the facts, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On March 28, 1982, shortly past midnight, in response to a "911" call by an anonymous caller who stated that a shooting had occurred at a supermarket on Northern Boulevard between 97th and 98th Streets, several police cars arrived at this block and found one grocery store open on that block. As Police Officer James Weber approached the store, he saw the defendant, an employee of the store who was working behind the front counter, stoop down or duck momentarily below the level of the counter. After he entered the store, Officer Weber ordered defendant away from the counter, and, after a brief visual inspection, found a loaded gun hidden between two stacks of paper grocery bags kept on shelves below the counter in approximately the area where he had seen defendant stoop. Defendant denied knowledge or possession of the weapon.

Although the search for a weapon was reasonable under the circumstances and the court properly denied that branch of defendant's motion which was to suppress the gun (*People v Benjamin*, 51 NY2d 267, 270-271; *cf. Rawlings v Kentucky*, 448 US 98, 105), we find there was insufficient evidence with which to convict defendant of possession of the gun. Since no one actually saw the gun in his possession, proof of guilt rested entirely on circumstantial evidence. It was therefore necessary to exclude any alternate reasonable explanation for the presence of the gun consistent with defendant's innocence (*People v Montanez*, 41 NY2d 53, 57; *People v Cleague*, 22 NY2d 363, 365-366). The People contend that the defendant's quick stooping action could have only been to hide a gun he was holding. However, according to the evidence adduced at trial, including the store setup and usual course of business, defendant's action was

reasonably susceptible of alternate innocent interpretations, such as reaching for additional supplies or rearranging merchandise. Furthermore, the counter area was attended by several other employees who had each worked there during the previous day, but who were not called to testify. The fact one of the store's co-owners testified that he denied knowing that any of his employees, including defendant, had a gun, was insufficient to eliminate this possibility (*see, People v Sacco,* 64 AD2d 324). The counter area was also easily accessible to members of the public, since it was not secured by any gate or even a swinging door and was periodically left unattended by the employees when they retrieved supplies from the back of the store. "Planting" the gun by another person was not an unreasonable possibility in this case, since the radio report which implicated defendant was proven false in nearly every other respect (e.g., occurrence of a shooting, dead body or severely wounded person). Since the evidence did not exclude these possibilities, the judgment must be reversed and the indictment dismissed (*People v Pena,* 50 NY2d 400, 409; *People v Montanez, supra; cf. People v Wachowicz,* 22 NY2d 369). Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.