■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY TIMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 2, 1984, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The evidence adduced at the *Wade* hearing clearly supports the hearing court's determination that an independent basis existed for each eyewitness' in-court identification. The uncontradicted *Wade* testimony was that the two eyewitnesses observed the defendant immediately prior to the shooting for 15 to 20 minutes, at close range, in the light of a street lamp, as they conversed. The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's hospital identification of the defendant in view of the fact that the complainant knew the defendant prior to the shooting. Therefore, the showup procedure used was "merely confirmatory" so that the "issue of suggestiveness is not relevant" *(see, People v Johnson,* 124 AD2d 748, 749, *lv denied* 69 NY2d 713; *People v Fleming,* 109 AD2d 848).

We reject the defendant's contention that the trial court erred in denying his request for further instructions on the identification issue *(see, People v Whalen,* 59 NY2d 273, 279; *People v Smith,* 100 AD2d 857, *lv denied* 62 NY2d 810; *see also, People v Rodriguez,* 130 AD2d 522, *lv denied* 70 NY2d 655).

Finally, the defendant was not entitled to a circumstantial evidence charge since the prosecution's case consisted of direct as well as circumstantial evidence *(see, People v Barnes,* 50 NY2d 375; *People v Bussey,* 131 AD2d 494). Moreover, it is not

necessary that the words "moral certainty" be used in a circumstantial evidence charge (see, People v Ford, 66 NY2d 428, 441; People v Gonzalez, 54 NY2d 729). Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.