■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ROSARIO and PERRY WILLIAMS, Appellants.—Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Moskowitz, J.), both rendered May 20, 1986, convicting them of manslaughter in the first degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

On the instant appeals, both defendants argue that (1) they were denied effective assistance of trial counsel, (2) the court committed reversible error in refusing to give a circumstantial evidence charge to the jury, and (3) the court committed reversible error when it admitted into evidence, as excited utterances, the deceased's statements to his family shortly after the crime. We disagree.

A review of the record indicates that both counsel, inter alia, thoroughly cross-examined the People's witnesses, made appropriate objections, and presented serious alibi defenses. Under the circumstances, it is clear that both defendants were "afforded meaningful representation" (People v Satterfield, 66 NY2d 796, 800) and that the defendants have confused "true ineffectiveness with mere losing tactics" (People v Baldi, 54 NY2d 137, 146).

Nor did the trial court err in failing to give a circumstantial evidence charge to the jury. A circumstantial evidence charge is required only when the prosecution relies wholly upon circumstantial evidence to establish the guilt of the accused (People v Schermerhorn, 125 AD2d 729, 731, lv denied 69 NY2d 955). Where both direct and circumstantial evidence are used to establish the defendants' guilt, as occurred in the case

at bar, a circumstantial evidence charge need not be given *(People v Barnes,* 50 NY2d 375).

Finally, the deceased's statements to his family, shortly after the crime, were properly admitted into evidence as excited utterances, pursuant to the standard set forth by the Court of Appeals in *People v Edwards* (47 NY2d 493).

We have reviewed the remaining arguments raised solely by the defendant Rosario and find them to be without merit *(see, People v Contes,* 60 NY2d 620; *People v Shapiro,* 117 AD2d 688, *lv denied* 67 NY2d 950; *People v Marks,* 6 NY2d 67; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Suitte,* 90 AD2d 80). Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.