■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN OLPHIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered December 2, 1986, convicting him of burglary in the second degree, criminal possession of stolen property in the third degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where, as here, the prosecution relies upon both direct and circumstantial evidence to establish the defendant's guilt, a circumstantial evidence charge is not required *(see, People v Barnes,* 50 NY2d 375, 380; *People v Rosario,* 138 AD2d 645; *People v Timmons,* 138 AD2d 428; *People v Monroe,* 135 AD2d 741).

The other alleged error in the court's charge urged upon us by the defendant has not been preserved for appellate review. Not only did defense counsel fail to request a charge on the matter of competing inferences, but he also failed to object to the court's failure to include such an instruction. In any event, the court's instructions on the burden of proof, guilt beyond a reasonable doubt, and the presumption of innocence were comprehensive and adequate. Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.