■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY KEMP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 30, 1986, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

BARRY KEMP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 16, 1986, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the jury had reached a verdict finding the defendant guilty of criminal possession of a weapon in the third degree, but before it was discharged, the foreperson indicated that the jury had not understood a portion of the court's charge. Specifically, the foreperson indicated that the jury did not understand the distinction between criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree, one of the other crimes that had been submitted to the jury. At a sidebar, the court indicated its intention to question the foreperson concerning the jury's apparent confusion and the defense counsel requested that this be done "[i]n private." The foreperson was then questioned outside of the courtroom and outside of the presence of the other jurors, but in the presence of the prosecutor and the defense counsel. Another juror was also questioned in this manner. No additional instructions were given during these interviews, which were made on the record and limited to the court's ascertainment of the source of the confusion.

The following day, the court recharged the jury as to the two crimes at issue. The jury again returned a verdict of guilty of criminal possession of a weapon in the third degree.

The defendant alleges that it was reversible error for the court to inquire of the two jurors outside the presence of the other jurors. This argument is without merit. The defendant's counsel not only did not object to the procedure here at issue, he actually requested it. Hence, any alleged error in this regard was not preserved for our review (CPL 470.05 [2]). In any event, the action taken by the court was proper (see, People v Mullen, 44 NY2d 1). The communication was merely intended to ascertain the source of the jury's confusion and, as noted, did not involve a fundamental right or material part of the trial. Nor can it be said that the defendant was in any way prejudiced by the communication (see, People v Moran, 123 AD2d 646).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.