■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH HOGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 16, 1985, convicting him of robbery in the first degree, robbery in the second degree, and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the police had probable cause to effectuate his arrest. The complainant, an identified citizen *(see, People v McCain,* 134 AD2d 623),* had ample time and opportunity during the robbery to observe the defendant under reasonably good lighting conditions. Therefore, an independent basis for the in-court identification existed *(see, People v Douglas,* 138 AD2d 731). It further appears that the complainant recognized the defendant from having seen him numerous times prior to the incident. Under the circumstances, any identification made upon the viewing of the photograph was merely confirmatory in nature and " 'suggestiveness' is not a concern" *(People v Gissendanner,* 48 NY2d 543, 552; *People v Jackson,* 150 AD2d 491; *People v Timmons,* 138 AD2d 428). The hearing court, therefore, did not err in declining to suppress the eyewitness' prospective in-court identification testimony.

The identification procedure used by the police did not warrant suppression of the testimony concerning the pretrial identification. Although a photograph taken of the lineup was unclear due to the age of the camera, the detective who arranged the lineup testified that the fillers looked approximately similar to the defendant and that the lineup was fair and accurate. We find, under the circumstances, that any age, height and weight discrepancies did not present a substantial risk of misidentification *(see, People v Gairy,* 116 AD2d 733).

The court did not improvidently exercise its discretion in rendering a compromise *Sandoval* ruling. It was proper to allow the prosecutor to inquire as to the number of the defendant's previous convictions of felonies and misdemeanors without permitting inquiry into the underlying facts or circumstances *(see, People v Rivera,* 135 AD2d 669).

Finally, contrary to the defendant's contention, the court did not improvidently exercise its discretion in limiting his cross-examination of the complainant. Under the circumstances of this case we decline to substitute our judgment for that of the trial court regarding the proper scope and extent of such cross-examination *(see, People v Williams,* 142 AD2d 310). Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.