■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BATTLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered June 9, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's reliance on *People v Alexander* (111 AD2d 177) and *People v Williams* (43 NY2d 725) to support his contention that the evidence is insufficient to establish his possession of a weapon is unavailing, as those cases involved circumstantial evidence. Direct evidence was involved here. The People's proof consisted of eyewitness testimony by two police officers who were on patrol on the night of October 24, 1987. The officers testified that while standing approximately 20 to 25 feet from the defendant, they saw him drop an object atop a pile of rubble made up of building materials and other objects, including bottles and cans. Keeping a continuous and uninterrupted observation of the object, one of the officers went up to it within seconds and found it to be a gun.

Resolution of issues of credibility, as well as the weight to

be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

Finally, the defendant was not entitled to a circumstantial evidence charge since the prosecution's case consisted of direct evidence *(People v Ruiz,* 52 NY2d 929, 930; *People v Barnes,* 50 NY2d 375, 380; *People v Rosario,* 138 AD2d 645; *People v Timmons,* 138 AD2d 428). The defendant's argument that in refusing to give a circumstantial evidence charge, the court improperly assumed both the truthfulness of the prosecution's witnesses and the accuracy of the witnesses' perception, confuses the issue of credibility with the court's initial determination as to the nature of the evidence. Where the evidence offered to prove an essential element of the crime, here criminal possession of a weapon, was by someone with first-hand knowledge, and from whose testimony, assuming its truth, no inferential steps need be drawn, it is properly considered to be direct evidence. Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.