■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN PAGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 1, 1989, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not deprived of his right to be present at a material stage of his trial. The record indicates that before the entire jury was sworn, two prospective jurors were examined at sidebar, in the presence of defense counsel, and then were discharged with

the consent of the prosecutor and defense counsel. The record does not reveal the reason for the discharge of the first juror; however, the second juror was discharged for cause based upon her professed inability to reach a fair and impartial verdict. Because the defendant voiced no objections to the discharge of these two jurors, any error in connection therewith is unpreserved for appellate review (CPL 470.05 [2]; *People v Blake,* 158 AD2d 979; *see, People v Kemp,* 152 AD2d 599, 600). In any event, the defendant had no statutory or constitutional right to personally participate in discussions leading to the discharge of prospective jurors. "He was present during the initial questioning of the jurors and represented by counsel during discussions at the bench. Under these circumstances, defendant's presence at the bench conference[s] would have been 'useless, or the benefit but a shadow' " *(People v Velasco,* 77 NY2d 469, 473, quoting *Snyder v Massachusetts,* 291 US 97, 106-107; *see also, People v Benson,* 173 AD2d 720; *People v Ramos,* 173 AD2d 748).

Furthermore, the defendant was not entitled to a circumstantial evidence charge *(see,* 1 CJI[NY] 9.05). Although the People's case relied upon some circumstantial evidence *(see, People v Chimelis,* 156 AD2d 577), the victim's excited utterances following the shooting in which he named the defendant as the person who shot him constitute direct evidence of the defendant's guilt. Clearly, had the victim survived and testified in court, his testimony that the defendant shot him would have constituted direct evidence *(see,* Richardson, Evidence § 3 [Prince 10th ed]; *Pease v Smith,* 61 NY 477). The victim's statements were no less direct evidence merely because they were made out of court yet properly admitted into evidence pursuant to an exception to the hearsay rule *(see,* 2 Wharton, Criminal Evidence § 301 [14th ed]). Accordingly, as the prosecution's case rested upon both direct and circumstantial evidence, the court was not obligated to provide the requested "moral certainty" circumstantial evidence charge *(see, People v Johnson,* 65 NY2d 556; *People v Barnes,* 50 NY2d 375). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.