■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLO CHILLINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered September 17, 1990, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal mischief in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The evidence adduced at the trial shows that toward the end of 1988, the victim had hired the defendant to remove the debris being generated by the victim's construction company at a demolition site in Brooklyn. After removing two truckloads of debris, the defendant informed the victim that he was not going to remove any more debris and that he wanted to be paid for the two truckloads that he had removed. The victim refused, telling the defendant that he would be paid when the victim received his payment for the project. Shortly thereafter, and prior to January 13, 1989, the victim found a note demanding payment and threatening the victim with "big problems" if the defendant were not paid. The note was signed in the name of the defendant's company.

On the evening of January 13, 1989, which was a Friday, the victim went upstate for the weekend, leaving his car at home. On Monday, January 16, 1989, the victim discovered that his car had been vandalized: all four tires were flat, the windows had been smashed, and there were bullet holes. One or two days later, the defendant told the victim's foreman that, "I tell you one thing, today is the car and tomorrow it is him". About a week later, the defendant told the victim that he was "going to get this" as he, the defendant, made a gesture with his hand simulating the firing of a handgun. Within a few days thereafter, on January 27, 1989, two young men arrived at the victim's house, stating that they had been sent by "Carlos". One of the men then shot the victim in both legs. The two men fled to a waiting automobile bearing license plates of a vehicle owned by the defendant's girlfriend and driven by the defendant, and sped away.

The defendant contends that the People failed to establish his guilt of the assault and weapon possession charges beyond a reasonable doubt. However, the defendant's generalized motion to dismiss at the close of trial was insufficient to preserve this contention for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Applegate,* 176 AD2d 888; *People v Shelton,* 175 AD2d 887; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction *(see, People v Whatley,* 69 NY2d 784; *People v Coll,* 157 AD2d 502; *People v Oquendo,* 147 AD2d 506; *People v Wright,* 129 AD2d 600). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [2]).

The defendant's further contention that the People failed to establish his guilt of the crime of criminal mischief beyond a reasonable doubt, although preserved for appellate review, is also untenable. Viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes, supra),* we find that it was legally sufficient to support the conviction *(see, People v Cobbs,* 161 AD2d 723). Although the defendant emphatically denied vandalizing the victim's car when confronted after the discovery of the damage, he plainly admitted that he had left the note which had threatened "big problems" if the victim failed to pay the defendant by a certain date. This evidence, together with the evidence of the defendant's hostility in his dealing with both the victim and the victim's foreman, established that either the defendant or someone acting at his behest did, indeed, cause "big problems" by severely damaging the victim's car. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt with respect to this crime was also not against the weight of the evidence *(see,* CPL 470.15 [2]).

We find no merit to the defendant's contention that the court's circumstantial evidence charge was inadequate and constituted reversible error. A full circumstantial evidence charge, i.e., one wherein the court instructs the jury that the facts from which the inference of the defendant's guilt is drawn must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis, is appropriate in cases where only circumstantial evidence of guilt is presented *(see, People v Barnes,* 50 NY2d 375, 380). Here, the People's case rested partly on direct evidence.

Therefore, the defendant was not entitled to a full circumstantial evidence charge *(see, People v Barnes, supra; People v Pagan,* 177 AD2d 604; *People v Rosario,* 138 AD2d 645; *People v Timmons,* 138 AD2d 428).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.