People v Dean (2021 NY Slip Op 05204)





People v Dean


2021 NY Slip Op 05204


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


698 KA 18-01618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAMARCUS L. DEAN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 10, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm. All references herein to "the officer" are to the police officer that testified second at the suppression hearing.
Supreme Court properly refused to suppress the subject gun. Contrary to defendant's contention, the officer's direct observation of the outline of a handgun tucked into defendant's waistband was itself sufficient, standing alone, to establish the reasonable suspicion necessary for the level three forcible stop in this case (see People v Vernon, 164 AD3d 1657, 1657-1658 [4th Dept 2018], lv denied 32 NY3d 1179 [2019]; People v Jarrett, 157 AD3d 534, 534 [1st Dept 2018], lv denied 31 NY3d 1014 [2018]; People v Carver, 147 AD3d 415, 415 [1st Dept 2017], lv denied 29 NY3d 1030 [2017]; see generally People v Moore, 6 NY3d 496, 498-499 [2006]; People v Thornton, 238 AD2d 33, 35 [1st Dept 1998]). There is no basis for rejecting the court's determination to credit the officer's testimony at the suppression hearing (see Vernon, 164 AD3d at 1658). Moreover, and notwithstanding defendant's contrary assertion, the fact that the police did not know whether the subject gun was properly licensed at the inception of the stop merely underscores the distinction between reasonable suspicion and proof beyond a reasonable doubt (see United States v Goss, 537 Fed Appx 276, 280 n 5 [4th Cir 2013]; see generally United States v Trogdon, 789 F3d 907, 913 [8th Cir 2015], cert denied 577 US 946 [2015]; Spear v Sowders, 71 F3d 626, 631 [6th Cir 1995]).
We reject defendant's further contention that the court erred in denying his request for a circumstantial evidence instruction. A circumstantial evidence instruction is properly denied "where there is both direct and circumstantial evidence of the defendant's guilt" (People v Hardy, 26 NY3d 245, 249 [2015]), and "[d]irect evidence . . . include[s] . . . eyewitness testimony attesting to a defendant's participation in the crime" (People v James, 147 AD3d 1211, 1212 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]). The officer's eyewitness testimony at trial attesting to the handgun in defendant's waistband thus constituted direct evidence of guilt, and it follows that defendant was not entitled to a circumstantial evidence instruction (see People v Myers, 194 AD3d 431, 431-432 [1st Dept 2021], lv denied 37 NY3d 967 [2021]; People v Battle, 160 AD2d 948, 948-949 [2d Dept 1990], lv denied 76 NY2d 784 [1990]). Contrary to defendant's assertions, the purported unpersuasiveness of the officer's trial testimony could not "change the character of th[at] evidence from direct to circumstantial" (Hardy, 26 NY3d at 251; see Battle, 160 AD2d at 949), and the fact that such testimony did not singlehandedly prove each [*2]and every element of the crime charged is irrelevant to defendant's entitlement to a circumstantial evidence instruction (see Hardy, 26 NY3d at 251).
Defendant failed to preserve his due process contention regarding the trial justice's remarks to and about a prospective juror during voir dire (see People v Williams, 164 AD3d 842, 844-845 [2d Dept 2018], lv denied 32 NY3d 1116 [2018]; People v McDuffie, 270 AD2d 362, 362 [2d Dept 2000]). Contrary to defendant's assertion, his argument on that point does not implicate a mode of proceedings error (see People v Prokop, 155 AD3d 975, 976 [2d Dept 2017], lv denied 30 NY3d 1118 [2018]; People v Mason, 132 AD3d 777, 779 [2d Dept 2015], appeal dismissed 29 NY3d 972 [2017]; see also People v Brown, 7 NY3d 880, 881 [2006]). We nevertheless urge the trial justice to exercise greater restraint in addressing prospective jurors in the future.
Contrary to defendant's further contention, defense counsel's comments at sentencing "never strayed beyond a factual explanation of his efforts on his client's behalf" and thus did not create an actual conflict of interest (People v Washington, 25 NY3d 1091, 1095 [2015]; see People v Nelson, 7 NY3d 883, 884 [2006]; People v Avent, 178 AD3d 1403, 1405 [4th Dept 2019], lv denied 35 NY3d 940 [2020]). Indeed, it is well established that "counsel does not create an actual conflict merely by outlining his efforts on his client's behalf . . . and defending his performance" (Washington, 25 NY3d at 1095 [internal quotation marks omitted]).
Finally, the sentence is not unduly harsh or severe.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court