OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant failed to meet her burden of showing a purposeful discrimination by the prosecution in the exercise of two of its peremptory challenges
 
 (see, Batson v Kentucky,
 
 476 US 79;
 
 People v Jenkins, 75
 
 NY2d 550;
 
 People v Bolling,
 
 79 NY2d 317). To give the trial court a basis to evaluate the claim, a party asserting a claim under
 
 Batson
 
 should articulate and develop all of the grounds supporting the claim, factual and legal, during the colloquy in which the objection is discussed
 
 (People v Childress,
 
 81 NY2d 263, 268).
 

 The record is silent in this case as to the race or ethnicity of the excluded jurors. At no point during the
 
 Batson
 
 colloquy did defense counsel state on the record the race of either juror. We reject appellant’s argument that, regardless of race, "minorities” in general constitute a cognizable racial group.
 

 Finally, defense counsel failed to set forth any facts or circumstances during the
 
 Batson
 
 colloquy from which the trial court could have inferred a purpose of discrimination. Defendant now argues for the first time that the prosecution’s exclusion of the two jurors, who assertedly could have been expected to favor the prosecution based on their backgrounds, indicates a purpose of discrimination. This claim is not preserved.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
 

 
 *877
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.