■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK STROUD, Appellant. [599 NYS2d 625] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered December 20, 1989, convicting him of murder in the second degree, attempted murder in the second degree (two counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A defendant asserting a claim of unlawful discrimination under *Batson v Kentucky* (476 US 79) bears the burden of demonstrating, *inter alia,* "facts and * * * other relevant

circumstances [sufficient to] raise an inference that the prosecut[ion] used [its peremptory challenges] to exclude [potential jurors because of] their race" *(Batson v Kentucky, supra,* at 96-98). On the record before us, we conclude that the defendant failed to meet this burden.

At the time the defendant raised his *Batson* claim, 10 of the 23 venirepersons, or 43%, were black and the prosecutor had exercised 4 of his 7 peremptory challenges, or 57%, against them. Thus, the number of peremptory strikes used by the prosecution was not so disproportionate as to be "indicative of a racially discriminatory motive" *(People v Childress,* 81 NY2d 263, 267). Since the defendant failed to articulate any other basis for his *Batson* claim *(see, People v Childress, supra,* at 268; *People v Smith,* 81 NY2d 875, 876), the Supreme Court properly overruled his objection.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Ritter and Pizzuto, JJ., concur.