OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant in this case did not present a prima facie showing of discrimination at any of the three times he raised a
 
 Batson
 
 objection. To establish a prima facie case of discrimination in the selection of jurors under
 
 Batson v Kentucky
 
 (476 US 79), the defendant asserting the claim of unlawful discrimination must show "that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race”
 
 (People v Childress,
 
 81 NY2d 263, 266). It is not until that prima facie showing has been made that the burden shifts to the prosecution to come
 
 *1003
 
 forward with a race-neutral explanation for its peremptory challenges
 
 (id.).
 

 Here, defendant relied only on the number of African-Amer-icon jurors challenged to support his request for race-neutral explanations from the prosecution; he offered no showing of facts and circumstances sufficient to raise an inference of a pattern of discrimination. And although a demonstration that the prosecutor has used a "disproportionate number of strikes challenging members of a particular racial group within a venire may be sufficient to create an inference establishing a prima facie claim”
 
 (People v Bolling,
 
 79 NY2d 317, 324), the defendant’s bare assertions here that the prosecutor struck the only African-American on the first panel, three of the six potential African-American jurors in the second round, and two of at least four African-American jurors in the third round — leaving six African-Americans on the jury — was insufficient, without more, to create an inference establishing a prima facie case
 
 (see, e.g., People v Childress, supra,
 
 at 267 [assertion that prosecutor struck two of three African-American jurors insufficient alone to establish a prima facie case of discriminatory jury selection]). The Judge was, therefore, correct in refusing to require the prosecutor to offer a race-neutral explanation for her use of peremptory challenges.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Cipabick concur.
 

 Order affirmed in a memorandum.