■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO VIDAL, Appellant. [622 NYS2d 323] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered September 25, 1992, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record in this

case does not demonstrate that a *Batson* violation occurred during jury selection *(see, Batson v Kentucky,* 476 US 79; *People v Childress,* 81 NY2d 263). In his attempt to make the requisite prima facie showing *(see, People v Childress, supra,* at 266), the defendant relied solely upon a claimed discriminatory pattern of peremptory strikes exercised by the prosecutor to exclude black venirepersons. The Supreme Court rejected the defendant's *Batson* challenge and we find no basis on this record to disturb the court's ruling.

It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" *(People v Childress, supra,* at 268). In this case, the defense counsel wholly failed to satisfy his obligation to articulate on the record a sound factual basis for the *Batson* claim. Indeed, in support of his *Batson* application, the defense counsel noted only the bare fact that the prosecutor exercised five of his eight peremptory challenges against black venirepersons. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, we find "the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination" *(People v Bolling,* 79 NY2d 317, 325; *see also, People v Jenkins,* 84 NY2d 1001; *People v Childress, supra).*

Furthermore, since the Supreme Court limited its ruling to the issue of whether the defendant made a prima facie showing and never ruled on the validity of the race-neutral reasons proffered by the prosecutor, the issue regarding the prima facie showing was preserved for appellate review *(cf., People v Thomas,* 210 AD2d 515).

With regard to the defendant's claim that the notice pursuant to CPL 710.30 was defective, we note that the defense counsel, after presenting his argument "for the record", never sought a ruling from the Supreme Court and instead proceeded directly to the suppression hearings and, thereafter, to trial. The record indicates that the defendant never again questioned the propriety of the CPL 710.30 notice either before the jury rendered its guilty verdict or by post-conviction motion. Accordingly, we find that the defendant surrendered his claim and thus find no occasion to address the merits thereof *(see, e.g., People v Rodriguez,* 50 NY2d 553, 556-557).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.