■ The People of the State of New York, Respondent, v Nelson Gonzalez, Appellant. [622 NYS2d 715] —Judgment, Su-

preme Court, Bronx County (Joseph A. Mazur, J.), rendered April 26, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to 4½ to 9 years imprisonment, unanimously affirmed.

Defendant's contention that the IAS Court accepted a pretextual reason for the exclusion of a prospective black juror is without merit. Defense counsel's "sketchy assertions" did not establish a basis for relief; counsel merely stated that "as I recall those [three of the excluded prospective jurors] are all the black men on this * * * panel", without factually establishing on the record whether this assertion was true or what the ultimate ethnic composition of the jury turned out to be (see, People v Childress, 81 NY2d 263, 267-268). In any event, there is no suggestion that the prosecutor's decision to strike peremptorily the prospective juror whose exclusion is at issue was the result of a pattern of purposeful racial exclusion (see, supra). For one thing, defendant does not challenge the peremptory strikes against the other two presumptively black panelists after the first round of voir dire. Moreover, there is no evidence of any discriminatory motive in questioning the prospective juror, since it is not disputed that the prosecutor never questioned him (see, supra, at 268). Finally, the court reasonably concluded that the prosecutor offered a non-pretextual reason for excluding the prospective juror, namely, the fact that she never got the chance personally to interact with and question him; when the court told the prosecutor to "wind * * * up" her questioning, she had to make her final points to all the remaining panelists.

Defendant's contention that his absence from the reopened Sandoval hearing deprived him of his right to be present at all material stages of the trial is also without merit. At the initial hearing, in defendant's presence, the court concluded that the prosecutor would be allowed to inquire about the underlying facts concerning a prior petit larceny conviction. At the reopened hearing, in defendant's absence, the court concluded that the prosecutor could only ask whether defendant had "forcibly t[aken] property" from someone; his use of a knife in that incident could not be mentioned. Since defendant benefited from the court's restrictive ruling, his presence at the second hearing would have been superfluous and thus was not required (cf., People v Dokes, 79 NY2d 656, 662). Concur—Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.