■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH LOVETT, Appellant. [625 NYS2d 983] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that the prosecutor improperly exercised peremptory challenges to remove two black prospective jurors from the jury. Defendant failed to articulate factual grounds adequate to raise the inference that the prosecutor employed his challenge to exclude the first prospective juror because of her race *(see, People v Childress,* 81 NY2d 263, 268; *People v Smith,* 81 NY2d 875, 876, *rearg denied* 81 NY2d 1068). With respect to the other prospective juror, the prosecutor proffered a "race-neutral explanation" for exercising the peremptory challenge *(Hernandez v New York,* 500 US 352, 359; *see, Batson v Kentucky,* 476 US 79, 96-97; *People v Childress, supra,* at 266).

We further conclude that defendant's conviction is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v Williams,* 84 NY2d 925; *People v Wong,* 81 NY2d 600, 608; *People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Egan, J.—Arson, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.