■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MORRIS, Appellant. [630 NYS2d 329] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered June 3, 1993, convicting him of attempted robbery in the second degree and menacing, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of six years to life on his conviction of attempted robbery in the second degree and a definite term of one year imprisonment on his conviction of menacing.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment for menacing from one year imprisonment to three months imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the record in this case does not demonstrate that a *Batson* violation occurred during jury selection *(see, Batson v Kentucky,* 476 US 79; *People v Childress,* 81 NY2d 263). It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" *(People v Childress, supra,* at 268). In this case, the defense counsel failed to satisfy his obligation to articulate on the record a sound factual basis for the *Batson* claim. In his attempt

to make the requisite prima facie showing *(see, People v Childress, supra,* at 266), the defendant relied solely upon the exercise by the prosecutor of his peremptory challenges to strike three out of the four Hispanic venirepersons. In the absence of a record demonstrating any other facts or circumstances which might support a prima facie case, we find "the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination" *(People v Bolling,* 79 NY2d 317, 325; *see also, People v Jenkins,* 84 NY2d 1001; *People v Childress, supra; People v Vidal,* 212 AD2d 553).

However, we agree with the defendant's contention that he was improperly sentenced to a term of one year imprisonment for menacing, a class B misdemeanor *(see,* Penal Law § 120.15), which carries a maximum sentence of three months *(see,* Penal Law § 70.15 [2]). Accordingly, we have modified his sentence on that conviction.

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.