■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL NUNEZ, Appellant. [646 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 25, 1994, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial on the ground that the prosecutor exercised his peremptory challenges in a racially discriminatory manner. However, the defendant failed to preserve for appellate review his *Batson* claim with respect to previously excluded jurors since he did not raise the issue at trial *(see, People v Smith,* 81 NY2d 875, 876; *People v Thomas,* 210 AD2d 515). In any event, the defendant's bare assertions that the prosecutor challenged a disproportionate number of African-Americans is "insufficient, without more, to create an inference establishing a prima facie case * * * of discriminatory jury selection" *(People v Jenkins,* 84 NY2d 1001, 1003; *People v Childress,* 81 NY2d 263, 266).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Dillon,* 207 AD2d 793; *People v Okehoffurum,* 201 AD2d 508). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.