528

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OVERTON, Appellant. [657 NYS2d 192] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered March 28, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record does not demonstrate that a *Batson* violation occurred during jury selection *(see, Batson v Kentucky,* 476 US 79). In his attempt to make out the requisite prima facie showing *(see, People v Childress,* 81 NY2d 263), the defendant relies solely upon the number of peremptory challenges made by the prosecutor against black venirepersons. In the absence of a record demonstrating other facts and circumstances supporting a prima facie case, the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination *(see, People v Childress, supra; People v Lowe,* 234 AD2d 564; *People v Vidal,* 212 AD2d 553).

Moreover, we find that the trial court properly exercised its discretion in limiting cross-examination *(see, People v Ashner,* 190 AD2d 238).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit *(see, People v Ramirez,* 223 AD2d 656). O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.