■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE COULTER, Appellant. [660 NYS2d 43] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered January 23, 1995, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence at trial established that the defendant Andre Coulter and his codefendant Charles Page followed the two complaining witnesses, robbed them at gunpoint, and left the scene on foot. The defendant and the codefendant subsequently were observed walking together and were apprehended by the police after a brief chase.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In order to hold an accessory actor criminally liable for acts committed by a principal actor, the prosecution must prove beyond a reasonable doubt that the accessory possessed the mental culpability necessary to commit the crime charged, and in furtherance thereof, solicited, requested, commanded, importuned, or intentionally aided the principal in the commission of the crime (*see,* Penal Law § 20.00; *People v Allah,* 71 NY2d 830; *People v La Belle,* 18 NY2d 405; *see also, People v Breeden,* 220 AD2d 761; *People v Wylie,* 180 AD2d 774, 775; *People v Flagg,* 180 AD2d 813). Intent can be established from an act itself, or from the accessory's conduct and the surrounding circumstances (*see, People v Bracey,* 41 NY2d 296; *People v Armistead,* 178 AD2d 607, 608). Proof of a defendant's role as a lookout is sufficient to establish accessorial liability (*see, e.g., People v Wooten,* 214 AD2d 596; *People v Roldan,* 211 AD2d 366, *affd* 88 NY2d 826; *People v Spain,* 110 AD2d 724, 725).

Here, the evidence established that the defendant and his co-defendant together followed the complainants for several blocks, that the defendant kept watch for the codefendant during the robbery, that the defendant accompanied his codefendant after the crime, and that the two men fled together when the police arrived. This evidence was sufficient to establish the defendant's complicity and assistance in the commission of the crime. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's *Batson* motion (*see, Batson v Kentucky,* 476 US 79) was properly denied, as he failed to make the requisite prima facie showing of discrimination (*see, People v Morris,* 217 AD2d 710; *People v Vidal,* 212 AD2d 553, 554). In the absence of a record demonstrating adequate facts and circumstances supporting a prima facie case, "the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination" (*People v Bolling,* 79 NY2d 317, 325; *see also, People v Childress,* 81 NY2d 263, 268).

The defendant's speedy trial motion was properly denied. During one of the periods of delay which the defendant claims was attributable to the prosecution, the codefendant's motion for severance was under consideration by the court, and thus, all of that time is excludable (*see,* CPL 30.30 [4] [a]; *People v Durette,* 222 AD2d 692; *People v Bissereth,* 194 AD2d 317, 318). Since the exclusion of that time period places the purported delay at less than 181 days, the remainder of the defendant's speedy trial argument need not be considered (*see, People v McNeil,* 222 AD2d 612, 613; *People v Scarpinito,* 186 AD2d 160, 160-161).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.