■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT G., Appellant. [660 NYS2d 154] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 7, 1993, adjudicating him a youthful offender, upon a jury verdict finding him guilty of criminal possession of a weapon in the third degree, and imposing sentence. By decision and order of this Court dated December 29, 1995, the matter was remitted to the Supreme Court, Kings County, to hear and report on the defendant's prima facie showing on his *Batson* challenge, and if the prima facie showing was sustained, then to hear and report on the prosecutor's exercise of peremptory challenges, and the appeal

was held in abeyance in the interim *(People v Garcia,* 217 AD2d 119). The Supreme Court has filed its report.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Although it was error to permit the complainant to testify that he had identified the defendant by name when questioned by a police officer, the error was harmless because the complainant knew the defendant and identity was not an issue *(see generally, People v Appleton,* 189 AD2d 878).

A defendant asserting a claim of unlawful discrimination under *Batson v Kentucky* (476 US 79), bears the initial burden of demonstrating, *inter alia,* "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" *(People v Childress,* 81 NY2d 263, 266; *Batson v Kentucky, supra,* at 96-98; *see also, People v Smith,* 81 NY2d 875, 876). We find that no such demonstration was made. Although the prosecutor exercised 6 of his 7 peremptory challenges to exclude 6 of 12 black female venirepersons, these challenges, standing alone, are insufficient to establish a pattern of discrimination against black females under the circumstances of this case *(see, People v Childress, supra,* at 267; *People v Steele,* 79 NY2d 317).

We agree with the hearing court that, when read in context, the prosecutor's remark during voir dire that "females doesn't matter", does not provide additional support for the claim that the challenges were exercised in a discriminatory fashion. While the statement was inartfully worded, it was plainly in response to the trial court's original position, albeit incorrect, that *Batson* was not applicable to gender discrimination *(see, People v Holmes,* 209 AD2d 543). The hearing court, therefore, properly concluded that no prima facie *Batson* claim was established.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Rosenblatt, Miller and Copertino, JJ., concur.