■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE GRAY, Appellant. [665 NYS2d 520] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered July 26, 1995, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Notwithstanding the discrepancies between the actual age and weight of the defendant and the description given to the police by the complainant, it cannot be said that the complainant's testimony was unworthy of belief (*see, People v Williams,* 226 AD2d 752; *People v Phan Tam,* 225 AD2d 715). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's bare assertion that the prosecutor used a disproportionate number of peremptory challenges to exclude

black women from the jury was insufficient to make a prima facie showing under *Batson v Kentucky* (476 US 79; *see, People v Jenkins,* 84 NY2d 1001, 1003; *People v Childress,* 81 NY2d 263, 266; *People v Vidal,* 212 AD2d 553, 554).

The defendant's remaining contention is without merit (*see, Matter of Andrew T.,* 182 AD2d 630). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.