◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MORLA, Appellant. [666 NYS2d 675] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered October 27, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record in this case does not demonstrate that a *Batson* violation occurred during jury selection (*see, Batson v Kentucky,* 476 US 79; *People v Childress,* 81 NY2d 263; *People v Vidal,* 212 AD2d 553). In his attempt to make the requisite prima facie showing (*see, People v Childress, supra,* at 266), the defendant relied solely upon a claimed discriminatory pattern of peremptory strikes exercised by the prosecution to exclude black venirepersons. The Supreme Court rejected the defendant's *Batson* challenge, and we find no basis in this record to disturb the court's ruling.

It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress, supra,* at 268; *People v Vidal, supra,* at 554). Here, the defense counsel failed to satisfy his obligation to articulate on the record a sound factual basis for his *Batson* claim, noting only the bare fact that the prosecution exercised 7 of its 11 peremptory challenges against black venirepersons. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, we find that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of

discrimination (*see, e.g., People v Bolling,* 79 NY2d 317, 325; *see also, People v Jenkins,* 84 NY2d 1001; *People v Childress, supra; People v Robert G.,* 241 AD2d 499; *People v Overton,* 238 AD2d 528; *People v Morris,* 217 AD2d 710, *affd* 88 NY2d 519; *People v Vidal, supra,* at 554).

The defendant's remaining contentions are without merit. Copertino, J. P., Friedmann, Krausman and Goldstein, JJ., concur.