■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUEL WILLINGHAM, Appellant. [676 NYS2d 883] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 28, 1996, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* motion (*see, Batson v Kentucky,* 476 US 79) was properly denied as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon the party mounting a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see, People v Childress,* 81 NY2d 263, 268). In this case, the defendant completely failed to satisfy his obligation to articulate on the record a sound factual basis for his *Batson* claim against the prosecution's exercise of its peremptory challenges. Other than his bare assertion that the prosecution had "no good reason" for exercising its peremptory challenges against the black venirepersons, the defendant noted only that the prosecutor had exercised eight peremptory challenges against black venirepersons. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the trial court correctly found that the defendant had failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Jenkins,* 84 NY2d 1001, 1003; *People v Ware,* 245 AD2d 85; *People v Robert G.,* 241 AD2d 499; *People v Lowe,* 234 AD2d 564, 565; *People v Vidal,* 212 AD2d 553, 554). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.