■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [678 NYS2d 525] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered November 14, 1996, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL WILLIAMS, Also Known as CAROL McKAY, Appellant. [681 NYS2d 542] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Corso, J.), rendered February 6, 1997, convicting her of grand larceny in the second degree and fraud under the Social Services Law, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a Batson violation occurred during jury selection is unpreserved for appellate review (see, People v Hill, 182 AD2d 640; People v Campanella, 176 AD2d 813; see also, People v Rivera, 225 AD2d 392) and, in any event, is without merit (see, Batson v Kentucky, 476 US 79; People v Childress, 81 NY2d 263; People v Vidal, 212 AD2d 553; People v Morla, 245 AD2d 468; People v Gray, 243 AD2d 648). During the second round of jury selection, the defense counsel stated only that he thought "the prosecutor should have to give an independent reason for his peremptories if he continues to strike just females". Defense counsel's statement was grounded solely upon a claimed discriminatory pattern of peremptory strikes exercised by the prosecution to exclude female venirepersons. At the time the issue was raised, the prosecutor had stricken only 5 of 13 female venirepersons. The Supreme Court rejected the defendant's Batson challenge, and we find no basis on this record to disturb the court's ruling.

It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress, supra*, at 268; *People v Vidal, supra,* at 554). Here, the defense counsel wholly failed to satisfy his obligation to articulate on the record a sound factual basis for his *Batson* claim, noting only the bare fact that the only peremptory challenges the prosecution exercised were against females. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, we find that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination (*see, People v Bolling*, 79 NY2d 317, 325; *see also, People v Jenkins,* 84 NY2d 1001; *People v Childress, supra; People v Gray, supra; People v Morla, supra; People v Robert G.,* 241 AD2d 499; *People v Overton,* 238 AD2d 528; *People v Morris,* 217 AD2d 710, *affd* 88 NY2d 519; *People v Vidal, supra,* at 554).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. O'Brien, J. P., Sullivan, Joy and Friedmann, JJ., concur.