■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE REDISH, Also Known as TERRANCE REDISH, Also Known as TERENCE REDISH, Appellant. [693 NYS2d 191] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered May 20, 1996, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record in this case does not demonstrate that a *Batson* violation occurred

during jury selection (*see, Batson v Kentucky,* 476 US 79; *People v Childress,* 81 NY2d 263). It is incumbent upon the party mounting a *Batson* challenge to "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Childress, supra,* at 268). Here, defense counsel failed to satisfy her obligation to articulate on the record a sound factual basis for her *Batson* claim, as she only noted the bare fact that the prosecution exercised five peremptory challenges against black venirepersons. In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the trial court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Bolling,* 79 NY2d 317, 325; *People v Morla,* 245 AD2d 468; *People v Lowe,* 234 AD2d 564; *People v Vidal,* 212 AD2d 553).

Furthermore, the prosecution did not exhaust all of its peremptory challenges, and three black venirepersons remained on the jury (*see, People v Harper,* 124 AD2d 593). Accordingly, the burden of overcoming the inference of purposeful discrimination never shifted to the People (*see, People v Durant,* 250 AD2d 698). The fact that the trial court permitted the People, upon the prosecutor's request, to offer facially-neutral reasons supporting the peremptory challenges does not render academic the issue of whether the defendant carried his initial burden to make a prima facie showing that the prosecutor's peremptory challenges were motivated by an intent to invidiously discriminate against black persons (*see, People v Durant, supra*; *People v Ocasio,* 253 AD2d 720). O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.