■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CARDWELL, Appellant. [694 NYS2d 759] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered September 12, 1997, convicting him of criminal possession of stolen property in the third degree, possession of burglar's tools, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated November 16, 1998, the matter was remitted to the Supreme Court, Queens County, to hear and report on the issue of the prosecutor's exercise of peremptory challenges, and the appeal was held in abeyance in the interim (*People v Cardwell,* 255 AD2d 451). The Supreme Court has filed its report.

Ordered that the judgment is affirmed.

A defendant asserting a claim of unlawful discrimination under *Batson v Kentucky* (476 US 79), bears the initial burden of demonstrating, *inter alia,* "facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (*People v Childress,* 81 NY2d 263, 266; *see, Batson v Kentucky, supra,* at 96-98; *see also, People v Smith,* 81 NY2d 875, 876). Here, the hearing court properly concluded that no prima facie *Batson* claim was established.

The defendant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.