■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FULLER, Appellant. [730 NYS2d 707] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered February 9, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's *Rosario* claim does not warrant reversal. The record does not establish that the paperwork demanded ever existed and constituted a written or recorded statement of a

testifying witness (*see, People v Gonzalez*, 203 AD2d 192, *lv denied* 84 NY2d 826). Moreover, the paperwork sought does not relate to the sale for which defendant was charged and was not relevant. In any event, even if we were to find a *Rosario* violation in the People's refusal to disclose the material in question, we would find that defendant has not made the showing of prejudice required by CPL 240.75, which is applicable to all appeals decided after its effective date (*see, People v Wolf*, 284 AD2d 102, 103-104).

Defendant's application made pursuant to *Batson v Kentucky* (476 US 79) was properly denied. Defendant has failed to provide an adequate record for review of this claim (*see, People v Smith*, 186 AD2d 35, 38, *affd* 81 NY2d 875), and, on the available record before us, we find that defendant failed to establish a prima facie case of purposeful discrimination (*see, People v Jenkins*, 84 NY2d 1001; *People v Childress*, 81 NY2d 263, 267; *People v Bolling*, 79 NY2d 317, 320).

The challenged portion of the prosecutor's remarks, when viewed in context of the defense summation, did not shift the burden of proof (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.