THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARDO OLIVERO, Appellant. [735 NYS2d 327] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied his right to a public trial when County Court closed the courtroom to conduct a conference concerning the scope of the immunity granted to the codefendant. We disagree. During the testimony of the codefendant, an issue arose concerning the immunity granted to him. The court recessed and directed the parties to proceed to its chambers. A few minutes later, the parties reconvened in the courtroom, and the court indicated that it was closing the courtroom and treating it as an annex to its chambers. Bench conferences and conferences conducted in chambers "are distinct from trial proceedings" (*Richmond Newspapers v Virginia*, 448 US 555, 598, n 23). Under the circumstances of this case, there was no violation of defendant's right to a public trial when the court conducted the equivalent of a conference in chambers concerning the scope of the codefendant's immunity (*see, United States v Norris*, 780 F2d 1207, 1210-1211). We reject the further contention of defendant that he was denied his right to be present at all material stages of trial. Contrary to defendant's contention, there is no indication in the record that there was any discussion concerning the closing of the courtroom during the brief interim when the court recessed to chambers and when the parties reappeared in the courtroom or that defendant was not present during any such discussion. In any event, any discussion concerning the closing of the courtroom is not a material stage of trial requiring defendant's presence (*see, People v Wood*, 259 AD2d 777, 778-779, *lv denied* 93 NY2d 1007; *People v Ramirez*, 192 AD2d 382, *lv denied* 81 NY2d 1078; *People v Delancey*, 173 AD2d 838, 839, *lv denied* 78 NY2d 1075).

Defendant contends that the court erred in refusing to order the disclosure of purported *Brady* or *Rosario* material to the defense. That material consisted of notes taken by a Drug Enforcement Agency (DEA) agent and a police officer during an interview with the codefendant concerning various drug transactions in connection with a State and Federal investigation. The notes taken by the DEA agent were in the

possession of the United States Attorney's Office, which refused to turn them over to the People. Because the People had no control over the DEA agent's notes, they were not required to turn them over to defendant (*see, People v Santorelli,* 95 NY2d 412, 421-423). With respect to the notes taken by the police officer, the court reviewed those notes in camera and properly concluded that there was no exculpatory evidence that would require their disclosure pursuant to *Brady v Maryland* (373 US 83). In any event, even assuming, arguendo, that the police officer's notes were *Rosario* material and should have been disclosed, we conclude that defendant failed to make the requisite showing of prejudice. Defendant failed to show "that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75; *see, People v Fuller,* 286 AD2d 650; *People v Sorbello,* 285 AD2d 88, 92-93).

Defendant's contention that the conviction is not supported by legally sufficient evidence because the codefendant was a patently incredible witness is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19). In any event, the codefendant's testimony was not incredible as a matter of law (*see, People v Moore,* 275 AD2d 969, 970, *lv denied* 95 NY2d 936; *People v Toledo,* 270 AD2d 805, *lv denied* 95 NY2d 858; *People v Smith,* 241 AD2d 926, *lv denied* 90 NY2d 911). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Gorski, JJ.