■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK COLLINS, Appellant. [736 NYS2d 232] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered February 10, 2000, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see, Batson v Kentucky,* 476 US 79) was properly denied since he failed to establish a prima facie case of discrimination. To establish a prima facie case, a defendant must demonstrate that members of a cognizable racial group have been excluded, and that there are facts and other relevant circumstances supporting an inference of impermissible discrimination (*see, People v Childress,* 81 NY2d 263, 266). The defendant failed to satisfy the second element. His assertion that the prosecutor struck a disproportionate number of black venirepersons was insufficient to establish a pattern of purposeful exclusion sufficient to raise an inference of discrimination (*see, People v Childress, supra,* at 267; *People v White,* 282 AD2d 628; *People v Redish,* 262 AD2d 664; *People v Morla,* 245 AD2d 468).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.