■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DYLA, Appellant. [861 NYS2d 98]—Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated December 30, 1988 (see People v Dyla, 142 AD2d 423 [1988]), affirming a judgment of the County Court, Nassau County, rendered May 16, 1984, on the ground of ineffective assistance of appellate counsel. By decision and order of this Court dated April 10, 2007, the appellant was granted leave to serve and file a brief on the issue of an alleged deprivation of his rights pursuant to Batson v Kentucky (476 US 79 [1986]).

Ordered that the application is denied.

The defendant was convicted of murder in the second degree (three counts) and burglary in the first degree in 1984. The instant application is based on his claim of ineffective assistance of appellate counsel for failure to argue that there was a Batson

violation in the prosecutor's use of peremptory strikes to challenge black potential jurors (*see Batson v Kentucky,* 476 US 79 [1986]; *People v Childress,* 81 NY2d 263 [1993]).

In applying for a writ of error coram nobis, the key issue is whether the evidence, the law, and the circumstances of the particular case, viewed in totality and as of the time of appellate counsel's representation of appellant, reveal that appellate counsel provided "meaningful representation" to the defendant (*see People v Stultz,* 2 NY3d 277 [2004]; *People v Larkins,* 10 AD3d 694 [2004], quoting *People v Baldi,* 54 NY2d 137, 147 [1981]). The record in this case was insufficient to establish a prima facie case of discrimination under *Batson* (*see People v Childress,* 81 NY2d 263, 267-268 [1993]). Accordingly, appellate counsel's decision to forgo briefing that issue and instead to brief others cannot be said to have deprived the defendant of meaningful representation. Upon review of the record and the issues raised on direct appeal, we are satisfied that appellate counsel provided the defendant with meaningful representation in this case (*see People v Stultz,* 2 NY3d 277 [2004]; *People v Larkins,* 10 AD3d 694 [2004]). Accordingly, we deny the application. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.