[901 NE2d 186, 872 NYS2d 695]

The People of the State of New York, Respondent, v Dermot MacShane, Appellant.

Decided November 24, 2008

**APPEARANCES OF COUNSEL**

*Norman A. Olch*, New York City, for appellant.

*Adam B. Levy, District Attorney*, Carmel (*Mary Jane MacCrae* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Term should be affirmed.

█ Defendant Dermot MacShane failed to meet his burden of establishing a prima facie case of discrimination under step one of the three-step protocol in *Batson v Kentucky* (476 US 79 [1986]). As this Court has held, "sketchy assertions" and the fact that the prospective jurors "indicated no reason why they could not serve fairly" are, standing alone, generally insufficient to establish a prima facie case of discrimination (*see People v Childress*, 81 NY2d 263, 267, 268 [1993]).

Here, defense counsel simply asserted that the prosecutor had eliminated two male prospective jurors "for no good reason" because "she wants a female jury." He did not articulate facts and circumstances that raised an inference that the prosecutor excused these jurors for a discriminatory reason; instead, defense counsel merely identified a general motive to discriminate untethered to the particular jurors at issue. Specifically, defense counsel did not compare the challenged jurors to similarly-situated unchallenged prospective jurors, point to factors in the challenged jurors' background that made them likely to be pro-prosecution, or enunciate any factor that suggested that the prosecutor exercised the challenges due to the prospective jurors' gender. Accordingly, the prosecutor was not required to provide gender-neutral reasons for her challenges to these prospective jurors. While the Appellate Term incorrectly proceeded to steps two and three of the *Batson* inquiry for the first time on appeal, reversal is not required because defendant failed to meet his burden of establishing a prima facie case of discrimination under step one.

█ The Appellate Term also erred by seemingly considering a confidential opinion of the Advisory Committee on Judicial Ethics when deciding that the trial judge did not abuse his discretion by denying defendant's recusal motion. The confidential opinion was not part of the record on appeal. The Appellate Term correctly concluded, however, that there was no legal disqualification under section 14 of the Judiciary Law, and that the trial judge did not abuse his discretion when he made "[t]his discretionary decision . . . within the personal conscience of the court" (*see People v Moreno*, 70 NY2d 403, 405 [1987]).

Defendant's remaining contention is without merit.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order affirmed, in a memorandum.