People v McGriff (2019 NY Slip Op 06624)





People v McGriff


2019 NY Slip Op 06624


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-02694
 (Ind. No. 6248/15)

[*1]The People of the State of New York, respondent,
v
Lorenzo McGriff, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Caroline R. Donhauser of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered January 20, 2017, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (see Penal Law § 120.05[2]) arising from an altercation during which he stabbed another man.
The defendant contends that the verdict of guilt and the rejection of his justification defense are against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's verdict rejecting the defendant's justification defense and finding him guilty was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant also contends that the Supreme Court erred in failing to instruct the jurors explicitly that if they found him not guilty of attempted assault in the first degree by reason of justification, they should acquit him and cease deliberations. The defendant's challenge to the court's instruction was not preserved for our review, and we decline to reach the issue in the exercise of our interest of justice jurisdiction (cf. CPL 470.05[6][a]).
We agree with the Supreme Court's determination that the defendant failed to make a prima facie showing that the prosecution exercised its peremptory challenges in a discriminatory manner (see Batson v Kentucky, 476 US 79; People v Childress, 81 NY2d 263, 266-268; People v Morla, 245 AD2d 468).
Contrary to the defendant's contention, the record reveals that his trial counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The sentenced imposed was not excessive (see People v Suitte, 90 AD2d 80, 83).
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court