People v Hoedouglas (2020 NY Slip Op 02938)





People v Hoedouglas


2020 NY Slip Op 02938


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-03677
 (Ind. No. 759/16)

[*1]The People of the State of New York, respondent,
v
Shaheim Hoedouglas, appellant.


Joseph A. Hanshe, Sayville, NY (Pablo Lopez of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered March 7, 2017, convicting him of attempted assault in the second degree, assault in the third degree, strangulation in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted assault in the second degree, assault in the third degree, strangulation in the second degree, and endangering the welfare of a child based upon evidence that he struck and strangled the complainant in the presence of their infant child.
The defendant's contention that his conviction of endangering the welfare of a child is not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of endangering the welfare of a child beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to each of the charges of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court did not err in denying his Batson challenge with respect to the prosecutor's peremptory challenge of one African-American member of the venire (see Batson v Kentucky, 476 US 79). "To establish a prima facie case of discrimination in the selection of jurors under Batson v Kentucky, the defendant asserting the claim of unlawful discrimination must show that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race'" (People v Jenkins, 84 NY2d 1001, 1002 [citation omitted], quoting People v Childress, 81 NY2d 263, 266). "It is not until that prima facie showing has been made that the burden shifts to the prosecution to come forward with [*2]a race-neutral explanation for its peremptory challenges" (People v Jenkins, 84 NY2d at 1002-1003).
Here, the defendant did not demonstrate a pattern of discriminatory strikes or questions by the prosecution, or that a disproportionate number of strikes was used against African-Americans (see People v Childress, 81 NY2d at 267). In addition, defense counsel did not compare the challenged juror to similarly situated unchallenged prospective jurors, point to factors in the challenged juror's background that made him likely to be pro-prosecution, or enunciate any factor that suggested that the prosecutor exercised the challenge due to the prospective juror's race (see People v MacShane, 11 NY3d 841, 842). The defendant's contention that the challenged juror should not have been excused because he indicated no reason why he could not serve fairly, standing alone, was insufficient to establish a prima facie case of discrimination (see id. at 842; People v Childress, 81 NY2d at 267-268).
The defendant's contention that the People elicited improper bolstering testimony from a paramedic is without merit. The complainant's statements to the paramedic regarding how she sustained her injuries were relevant to treatment and were properly admitted as an exception to the rule against hearsay (see People v Spicola, 16 NY3d 441, 452-453; People v Buie, 86 NY2d 501, 511).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court