People v DeLeon (2023 NY Slip Op 00636)

People v DeLeon

2023 NY Slip Op 00636

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 709/19 Appeal No. 17258 Case No. 2019-03964 

[*1]The People of the State of New York, Respondent,
v
Jonathan DeLeon, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Davis Polk & Wardwell LLP, New York (Cristina M. Rincon of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.

Supreme Court, New York County (Mark Dwyer, J. at suppression hearing; Gilbert C. Hong, J. at jury trial and sentencing), rendered June 21, 2019, convicting defendant of robbery in the first and second degrees, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The officers stopped defendant and his codefendant based on a description, including the fact that one of the two robbers wore a black ski mask, that was sufficiently specific to provide reasonable suspicion in light of the spatial and temporal proximity between the robbery and the police encounter, and the fact that the police did not see anyone else in the area (see e.g. People v Smickle, 201 AD3d 525, 526 [1st Dept 2022], lv denied 38 NY3d 954 [2022]). It was particularly significant that defendant was wearing a ski mask, notwithstanding that the events occurred in winter. Moreover, the police used the "Find My iPhone" app, which provided at least some indication that the phone taken from the victim was near the location, five blocks from the robbery, where defendant was apprehended.
The trial court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant has not established that the vaguely defined hybrid group against which the prosecutor allegedly discriminated qualified as a cognizable group under Batson (see People v Bridgeforth, 28 NY3d 567, 573 [2016]; People v Smith, 81 NY2d 875 [1993]; compare People v Watson, 141 AD3d 23, 30 [1st Dept 2016]). In any event, even assuming the group about which defendant complains of discrimination is cognizable under Batson, defendant did not produce statistical or nonstatistical "evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred" (Johnson v California, 545 US 162, 170 [2005]; see People v Hecker, 15 NY3d 625, 651-655 [2010], cert denied 563 US 947 [2011]), and thus defendant failed to meet his initial burden to make a prima facie showing of unlawful discrimination in the People's exercise of challenges.
The trial court providently exercised its discretion in denying defendant's mistrial motion made on the basis of a single remark in the prosecutor's summation. The prosecutor's comment about defendant's possession of a blade at the time of the police encounter was a reasonable response to the defense summation, and was in any event not so inflammatory as to warrant reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The trial court also providently exercised its discretion in admitting limited testimony about the officers' use of the Find My iPhone app, which was not offered for its truth, but to complete [*2]the narrative and explain police actions (see e.g. People v Barnes, 57 AD3d 289 [1st Dept 2008], lv denied 12 NY3d 781 [2009]). The evidence only showed that the police acted on their belief that the app indicated the approximate location of the victim's phone. For this purpose, police testimony giving basic information about the app was a sufficient foundation. Defendant fails to show that the People violated the court's ruling. Defendant failed to preserve his argument that the court should have given a limiting instruction, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. In any event, any error involving the testimony about the Find My iPhone app was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]), which included the recovery of the victim's phone from defendant's pocket shortly after the robbery (see e.g. People v Jiggetts, 168 AD3d 507, 508 [1st Dept 2019], lv denied 33 NY3d 977 [2019]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023