Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered February 4, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) was properly denied since he failed to establish a prima facie case of discrimination. To establish such a prima facie case, a defendant must demonstrate that members of a cognizable racial group were excluded from the jury venire, and that facts and other relevant circumstances support an inference of impermissible discrimination (see People v Childress, 81 NY2d 263, 266 [1993]; People v Wilson, 297 AD2d 298 [2002]). The defendant failed to satisfy the second element. His asser *533 tion that the prosecutor struck a disproportionate number of black Jamaican venirepersons was insufficient to establish a pattern of purposeful exclusion which would raise an inference of discrimination (see People v Childress, supra; People v Wilson, supra; People v Collins, 290 AD2d 513 [2001]).
The defendant’s contention that the verdict was against the weight of the evidence is without merit. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). The defendant shot his girlfriend in the face at close range, and left her to die without seeking medical attention. “It is clear that the crime' was ‘committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind’ ” (People v Kanelos, 107 AD2d 764, 765 [1985], quoting People v Register, 60 NY2d 270, 274 [1983]).
The defendant’s remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Cozier, JJ., concur.