*687 SUMMARY ORDER
Petitioner-appellant Rohan Myers was convicted after a jury trial in County Court, Westchester County, of murder in the second degree. Defendant appealed, contending that the trial court erroneously found that defendant had failed to establish a prima fade case supporting his Bat-son claim, under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that the prosecutor’s use of peremptory challenges to remove Jamaican jurors was discriminatory. On November 17, 2008, the Appellate Division, Second Department, affirmed defendant’s conviction. The Appellate Division concluded that the trial court correctly determined that defendant had failed to establish a prima facie case of discrimination because defendant failed to “establish a pattern of purposeful exclusion which would raise an inference of discrimination.” People v. Myers, 1 A.D.3d 532, 533, 767 N.Y.S.2d 266 (2d Dep’t 2003). Defendant sought leave to appeal from the Appellate Division’s determination again citing the fact that “the prosecutor challenged each Jamaican on the panel.” J.A. 24. Judge Ciparick, Associate Judge of the New York Court of Appeals, denied defendant’s application on February 26, 2004. People v. Myers, 1 N.Y.3d 631, 777 N.Y.S.2d 30, 808 N.E.2d 1289 (2004).
On October 14, 2004, defendant filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996), in the District Court, asserting that the state court’s denial of defendant’s Batson claim, when the “prosecutor [had] challenged all the Jamaicans on the jury panel,” J.A. 17, was an unreasonable application of clearly established federal law.[2] The District Court referred the matter to Magistrate Judge Lisa Margaret Smith, who recommended that defendant’s petition be denied, in a Report and Recommendation dated January 20, 2006 (“R&R”). J.A. 54-70. The Magistrate Judge explained that the trial court’s finding that defendant failed to establish a prima facie Batson violation “based upon national origin was not contrary to, or an unreasonable application of, federal law,” J.A. 63, because “there is no clear authority as to whether national origin discrimination can be used as the predicate for a prima facie Batson violation,” J.A. 61. Defendant filed timely objections to the R&R, complaining that the Magistrate Judge had reviewed his claim mistakenly as one of “national origin” rather than race. On July 30, 2007, the District Court adopted the R&R, denying defendant’s petition for a writ of habeas corpus but granting a Certificate of Appealability on defendant’s Batson claim. Defendant’s appeal challenges the District Court’s denial of his petition for a •writ of habeas corpus. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
We review a district court’s ruling on a petition for a writ of habeas corpus de novo. See, e.g., Overton v. Newton, 295 F.3d 270, 275 (2d Cir.2002). Pursuant to 28 U.S.C. § 2254(d), a writ of habeas corpus may not issue for any claim adjudicated on the merits by a state court unless the state court decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), or was “based on an unreasonable determination of the facts in light of the evidence pre *688 sented” in state court, id. § 2254(d)(2). We have been reminded that “clearly established Federal law, as determined by the Supreme Court of the United States,” id. § 2254(d)(1), refers to “the holdings, as opposed to the dicta, of [the Supreme] Court’s decisions as of the time of the relevant state-court decision.” Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); Brown v. Alexander, 543 F.3d 94, 100 (2d Cir.2008) (quoting Williams).
A state court decision is “contrary to” clearly established federal law if the state court’s conclusion on a question of law is “opposite” that of the Supreme Court or if the state court reaches a different outcome than the Supreme Court “on a set of materially indistinguishable facts.” Williams, 529 U.S. at 413, 120 S.Ct. 1495; Alexander, 543 F.3d at 100 (quoting Williams). A state court decision “involves an unreasonable application of’ clearly established federal law as determined by the Supreme Court if it “identifies the correct governing legal principle from [the Supreme Court’s] decisions but unreasonably applies that principle to the facts of [a defendant’s] case.” Williams, 529 U.S. at 413, 120 S.Ct. 1495. A federal habeas court should not “conflat[e] ‘unreasonableness’ with ‘clear error’ ... because ‘[t]he gloss of clear error fails to give proper deference to state courts.’ ” Brisco v. Ercole, 565 F.3d 80, 87-88 (2d Cir.2009). “Some increment of incorrectness beyond error is required.” Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir.2000). We have noted, however, “that the increment [of error beyond clear error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.” Id. (internal quotation marks omitted).
Defendant argues on appeal that (1) the state trial court’s denial of defendant’s Batson claim was erroneous; (2) the Magistrate Judge and the District Court erroneously found that he did not assert a prima facie case because they viewed his claim as one of national-origin, rather than race-based discrimination; and (3) the excluded jurors were, in fact, challenged because of their racial “subcategory:” black Jamaicans.
However, it is clear that defendant’s argument to the Appellate Division was one of national-origin discrimination only: “Mr. Myers is Jamaican. The Prosecutor challenged all of the Jamaicans on the jury panel.” J.A. 31. The Magistrate Judge therefore correctly treated defendant’s claim as one of national origin. Because defendant did not assert a “race-based” Batson argument in the Appellate Division, we find defendant’s claim unexhaust-ed and procedurally defaulted.

CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.

. Defendant also asserted in his petition for a writ of habeas corpus that the trial court erred in some of its instructions to the jury and evidentiary rulings. These claims are not before us on appeal.