■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RIOS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered August 1, 1986, convicting him of criminal possession of a forged instrument in the first degree (two counts) and attempted petit larceny (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 27, 1985, the defendant purchased some merchandise in a department store with a $20 bill. It was later discovered, and the defendant was informed, that the bill was counterfeit. Approximately a week later, the defendant attempted to purchase some gasoline with another counterfeit $20 bill that appeared to have been made from the same printing plates. During the police investigation of the second incident, the defendant did not inform the police officer of the first incident when questioned about other $20 bill exchanges.

On appeal, the defendant contends that the People failed to prove that he "knowingly" possessed the counterfeit money with the intent to defraud (see, Penal Law § 170.30). Viewing the evidence adduced at the trial in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, although some of the evidence against the defendant was circumstantial, a determination of guilt flows naturally from the facts proven and excludes to a moral certainty every reasonable hypothesis but guilt (see, People v Benzinger, 36 NY2d 29, 32). Furthermore, the defendant's contention that the trial court erred in refusing to deliver a "moral certainty" charge is without merit. It is well settled that this type of charge is not required where, as at bar, the prosecution's case consisted of direct as well as circumstantial evidence (see, People v Barnes, 50 NY2d 375, 380; People v Timmons, 138 AD2d 428).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.