■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL COLON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered January 4, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 9, 1988, shortly after 5:00 A.M., the police responded to a radio transmission and found the victim lying in the street, "rolling on the ground" in pain with gunshot wounds. The police called an ambulance and asked the victim what happened and who shot him. Initially, the victim only mumbled, moaned, and continued rolling around. Eventually, while still at the scene, the victim stated several times that "Manny Colon" from Brooklyn had shot him. An Emergency Medical Services technician who was at the scene testified that the victim had gray pallor in his face, was shaking, had no blood pressure, and a very rapid pulse and respiration. He was bleeding internally as well as externally. It was later ascertained that the victim had been shot five times and stabbed twice. On appeal, the defendant contends that the victim's statements were hearsay and improperly admitted. We disagree. As the court found, the record amply demonstrates that the deceased spoke "while under the stress or

influence of the excitement caused by [an external] event, so that his reflective capacity was stilled" *(People v Nieves,* 67 NY2d 125, 135; *see, People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493, 497). At the time the deceased spoke, he lacked "the reflective capacity essential for fabrication" *(People v Edwards, supra,* at 497), and his statements were not made "under the impetus of studied reflection" *(People v Edwards, supra,* at 497). Moreover, that the statements were in response to questioning did not, by itself, render them inadmissible *(see, People v Brooks,* 71 NY2d 877; *People v Brown, supra; People v Edwards, supra).* Thus, the deceased's statements identifying the defendant as the shooter were properly admitted as excited utterances.

We reject the defendant's contention that he was denied a fair trial when the victim's two sisters were permitted to testify, under transactional immunity, about the victim's drug partnership with the defendant, which ended in a fight in 1986. According to the sisters, the defendant accused the victim of "dipping into the [drug money] till", using cocaine he should have been selling and owing the defendant $9,000. In addition, one sister testified that in March 1987 she discovered that the defendant had accumulated $2,000 to $3,000 in parking tickets on a car which had been registered in her name. When she confronted the defendant with the tickets, he said that he would pay her when the victim repaid him the $9,000. On appeal, the defendant's sole objection to this testimony is that it constituted inadmissible evidence of uncharged crimes *(see, People v Molineux,* 168 NY 264). However, this testimony was properly admitted, with limiting instructions from the court, to show the defendant's motive in shooting the victim *(see, People v Smith,* 179 AD2d 597, 598; *People v Johnson,* 139 AD2d 594, 595; *People v Pucci,* 77 AD2d 916, 917).

The defendant also objects to the admission of the sisters' testimony that for a time they themselves sold cocaine for him. It is not clear that this objection has been preserved for appellate review, although the defense counsel registered a "continuing objection" with regard to the sisters' testimony *(see, People v Santarelli,* 49 NY2d 241, 253). In any event, the admission of the evidence concerning the sisters' drug transactions does not warrant reversal in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Carr,* 157 AD2d 794, 795; *cf., People v Harris,* 150 AD2d 723, 726).

We have considered the defendant's remaining contention

and find it to be without merit *(see,* CPL 470.15 [5]). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.