■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE BLACKFORD, Appellant. [683 NYS2d 577] —Appeal by the

defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered May 17, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his *Batson* motion since he failed to make a prima facie showing of discrimination (*see, Batson v Kentucky,* 476 US 79). It is incumbent upon the party mounting a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see, People v Childress,* 81 NY2d 263; *People v Willingham,* 253 AD2d 253). The defense counsel's bare assertion during the first round of jury selection that the prosecutor exercised a peremptory challenge against the only minority venireperson, without more, failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Bolling,* 79 NY2d 317). Moreover, the defense counsel's argument that the number of African-Americans in Dutchess County is so small so as to make statistical evidence inherently unreliable, did not lessen his burden (*see, People v Childress, supra,* at 267).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Miller, J. P., Copertino, Sullivan and Florio, JJ., concur.