■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY NELSON, Appellant. [698 NYS2d 755] —Crew III, J. Ap-

peal from a judgment of the Supreme Court (Sheridan, J.), rendered July 2, 1998 in Rensselaer County, upon a verdict convicting defendant of the crimes of robbery in the second degree, burglary in the second degree and grand larceny in the fourth degree.

On June 27, 1997, Jodel Fosmire was at the apartment of a friend when defendant, who was an acquaintance, and another man entered the apartment. Defendant pointed a handgun at Fosmire, ripped four gold chains from her neck, took a $50 bill from her pocket and took her rings, after threatening to cut off her finger if she did not take them off and give them to him. Defendant then hit Fosmire in the head with his gun and mangled the two phones in the apartment, rendering them inoperable. Defendant and the other male then left the apartment, whereupon Fosmire ran to her upstairs apartment and called 911 to report that she had been robbed.

Defendant subsequently was indicted and charged with robbery in the first degree, burglary in the first degree and grand larceny in the fourth degree. Following a jury trial, defendant was found guilty of robbery in the second degree, burglary in the second degree and grand larceny in the fourth degree for which he was sentenced, *inter alia*, as a persistent felony offender to an indeterminate term of imprisonment of 20 years to life. Defendant now appeals.

Initially, we reject defendant's contention that Supreme Court erred in admitting into evidence Fosmire's tape-recorded 911 call. It is axiomatic that excited utterances that are the product of a declarant's exposure to a startling or upsetting event are admissible in evidence as an exception to the hearsay rule (*see, People v Vasquez*, 88 NY2d 561, 574). Such is the case even where such statements are made some time after the precipitating event, provided the declarant was still under the excitement precipitated by such event and lacked the reflective capacity essential for fabrication (*see, People v Brown*, 70 NY2d 513, 518-519). Our review of the record reflects that while the 911 call by Fosmire was made some 10 to 15 minutes after defendant and his accomplice fled, Fosmire was still under the excitement precipitated by the event and Supreme Court properly admitted the recorded call into evidence.

Following a *Huntley-Wade* hearing conducted immediately prior to jury selection, Supreme Court orally denied defendant's motion to suppress the identification testimony and partially denied defendant's motion to suppress certain statements made by him to police, noting that it would place its findings of fact and conclusions of law in the record at a later point in time.

Defendant claims in his *pro se* brief that Supreme Court erroneously failed to do this. In rejecting this argument, we need only point to the fact that Supreme Court wrote a detailed, eight-page decision reflecting the basis for its ruling following the *Huntley-Wade* hearing, and that the decision is dated the very same day that the hearing was conducted. We have reviewed defendant's remaining contentions, including the assertion that the conviction is not supported by legally sufficient evidence and is against the weight of the evidence, and find them to be equally unpersuasive.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed.