■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT COUSIN, Appellant. [707 NYS2d 676] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered August 8, 1997, convicting him of rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions on appeal, the fact that the prosecutor peremptorily challenged the only black potential juror to be questioned during voir dire was insufficient, without more, to establish a prima facie case of purposeful discrimination (*see, Batson v Kentucky,* 476 US 79; *People v Payne,* 88 NY2d 172; *People v Bolling,* 79 NY2d 317; *People v Blackford,* 256 AD2d 619). The defendant did not articulate a sound factual basis for his *Batson* claim, as he failed to establish the existence of facts and other relevant circumstances giving rise to an inference of purposeful discrimination (*see, People v Childress,* 81 NY2d 263, 268; *People v Willingham,* 253 AD2d 533).

The People's disclosure of a statement by a witness who spoke to the victim after the rape, which the defendant asserted was *Brady* material, was made in time to afford the defendant an opportunity to use it effectively (*see, Brady v Maryland,* 373 US 83; *People v Perkins,* 227 AD2d 572).

The defendant's remaining contentions are without merit. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.