■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY HINTON, Appellant. [728 NYS2d 177] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered June 23, 1999, convicting him of criminal possession of a forged instrument in the first degree (34 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was employed as a driver for a supplier of paper goods. His job entailed the delivery of merchandise to retail establishments and the subsequent return to his employer with signed receipts, cash, or checks. The employer's policy was to separate the checks and cash returned by each deliveryman to avoid any possibility of commingling funds between drivers. On three separate occasions over a period of a few days in November 1998 the defendant returned to his employer with cash which included 20-dollar bills that proved to be counterfeit.

The defendant's claim that the verdict was against the weight of the evidence is without merit. The evidence that the defendant's receipts and cash were kept separate from those of other drivers, as well as the recurrent appearance of counterfeit 20-dollar bills in the money the defendant supposedly collected from different customers, supports a finding that the defendant had knowledge that the bills were counterfeit (*see, People v Cotton,* 197 AD2d 897; *People v Tesoriero,* 108 Misc 2d 1055; *cf., People v Asaro,* 94 NY2d 792; *People v Ramos,* 259 AD2d 505; *People v Rios,* 159 AD2d 525, 526).

The prosecutor's exercise of a peremptory challenge against one black prospective juror fails to establish a *Batson* violation (*see, Batson v Kentucky,* 476 US 79; *People v Payne,* 88 NY2d 172; *People v Jenkins,* 84 NY2d 1001; *People v Childress,* 81 NY2d 263, 267; *People v Bolling,* 79 NY2d 317; *People v Morla,* 245 AD2d 468; *People v Robert G.,* 241 AD2d 499). "[T]he fact that the prosecutor peremptorily challenged the only black potential juror to be questioned during voir dire was insufficient, without more, to establish a prima facie case of purposeful discrimination" (*People v Cousin,* 272 AD2d 477, 478; *see also, People v Blackford,* 256 AD2d 619; *People v Willingham,* 253 AD2d 533).

Since the case consisted of both direct and circumstantial evidence, the defendant was not entitled to a charge that his guilt must be proven beyond a moral certainty, rather than be-

yond a reasonable doubt (*see, People v Daddona,* 81 NY2d 990; *People v Pagan,* 177 AD2d 604, 605; *People v Rios, supra,* at 526). In addition, the trial court's charge that reasonable doubt is one for which some reason can be given was not erroneous and did not shift the burden of proof (*see, People v Alston,* 211 AD2d 498; *People v Durkin,* 200 AD2d 684).

The defendant was not denied the effective assistance of counsel on the basis of defense counsel's failure to call him and other witnesses to testify (*see, People v Mejias,* 278 AD2d 249; *People v Chung,* 276 AD2d 708).

The fact that the sentence imposed is greater than that which the defendant would have received had he accepted a plea bargain does not establish the defendant's entitlement to a lesser sentence (*see, People v Delgado,* 80 NY2d 780; *People v Durkin,* 132 AD2d 668, 669). Moreover, the sentence imposed was not excessive (*see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.