■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS PINOARGOTTY, Appellant. [741 NYS2d 889] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 30, 1999, convicting him of burglary in the second degree, unlawful imprisonment in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly found that the defendant failed to make a prima facie showing that the prosecutor exercised peremptory challenges in a discriminatory manner (*see People v Brown,* 97 NY2d 500; *People v Taylor,* 288 AD2d 331; *People v Cousin,* 272 AD2d 477; *People v Vidal,* 212 AD2d 553).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Ritter, J.P., Altman, Adams and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PORTILLO, Appellant. [741 NYS2d 890] —Appeal by the defendant, as limited by his brief, from two sentences of the County Court, Nassau County (Jonas, J.), both imposed December 19, 1995, on the ground that the sentences are excessive.

Ordered that the sentences are affirmed.

The defendant knowingly, intelligently, and voluntarily waived, without limitation, the right to appeal his convictions and sentences (*see People v Moissett,* 76 NY2d 909; *People v Seaberg,* 74 NY2d 1). Since the defendant was informed of the maximum sentences which would be imposed pursuant to the plea agreement, his general waiver of his right to appeal encompasses his claim that the agreed upon sentences, which were, in fact, imposed, were excessive (*see People v Lococo,* 92 NY2d 825). Ritter, J.P., Florio, Goldstein, Luciano and Cozier, JJ., concur.