■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOKESHNARINE PRASHAD, Also Known as MOKESHARINE PRASHAD, Appellant. [746 NYS2d 402]

Contrary to the defendant's contention, the Supreme Court correctly denied his application challenging the prosecutor's use of a peremptory challenge against a prospective juror of Indian heritage (see Batson v Kentucky, 476 US 79). The prosecutor's use of one challenge against the single person of Indian heritage on the venire, without more, did not establish a prima facie case of purposeful discrimination (see People v Taylor, 288 AD2d 331; People v Franklin, 287 AD2d 649; People v Hinton, 285 AD2d 476). Therefore, the Supreme Court properly denied the application without the need for the prosecutor to provide a nondiscriminatory explanation for the peremptory challenge.

The Supreme Court was likewise correct in admitting into evidence, as an excited utterance, the audiotape recording of the complainant's 911 telephone call to the police (see People v Williams, 244 AD2d 587, 588). The complainant made this call from a nearby business, a short time after she fled the defendant's home, where the attack occurred (see People v Nelson, 266 AD2d 725, 726; People v Armistead, 178 AD2d 607, 608-609). The complainant was still distraught and acting under the influence of the attack, and thus lacked the reflective capacity for fabrication (see People v Cotto, 92 NY2d 68, 78-79; People v Colon, 187 AD2d 445).

The defendant's remaining contentions are without merit. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.