<partyblock>

The People of the State of New York, Respondent,

against

David Duarte, Appellant.

Appellate Advocates (Yvonne Shivers of counsel), for appellant.

Kings County District Attorney (Leonard Joblove, Seth M. Lieberman and Jordan Cerruti of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J.), rendered November 13, 2015. The judgment convicted defendant, after a nonjury trial, of attempted sexual abuse in the second degree and attempted endangering the welfare of a child, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.

Insofar as is relevant to this appeal, following a nonjury trial, defendant was convicted of attempted sexual abuse in the second degree (Penal Law  110.00, 130.60 [2]), and attempted endangering the welfare of a child (Penal Law  110.00, 260.10 [1]). Defendant was subsequently sentenced to two concurrent 90-day terms of imprisonment.

On appeal, defendant contends that he received the ineffective assistance of counsel; that the Criminal Court abused its discretion in allowing the seven-year-old complainant to testify at trial without first ascertaining whether she understood the nature of an oath; that the complainant's unsworn testimony was not sufficiently corroborated and did not establish defendant's intent to commit a crime; that the evidence was legally insufficient and the verdict [*2]was against the weight of the evidence; and that the sentence was improper because the Criminal Court did not obtain a presentence report and punished him for exercising his right to trial.

Defendant contends that he received the ineffective assistance of counsel because his trial attorney failed to move to dismiss the accusatory instrument on the ground that his statutory right to a speedy trial had been violated in that more than 200 days of delay (from April 2015 to November 2015) are chargeable to the People because their initial statement of readiness on April 23, 2015 was illusory; and that, even if the delay occurring after April 23rd is considered post-readiness delay, 101 days of delay are chargeable to the People. While the People concede that 46 days of delay are chargeable to them, defendant argues that an additional 49 days of delay are chargeable for the time period of September 1, 2015 to October 20, 2015, and an additional six days of delay for the time period of November 4, 2015 to November 10, 2015.

Since defendant was initially charged with class A misdemeanors, the People were required to announce their readiness for trial within 90 days of the commencement of the action (CPL 30.30 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Once a defendant has shown the existence of a delay greater than 90 days, the burden of showing that certain periods of time should be excluded falls on the People (see People v Brown, 28 NY3d 392, 403 [2016]; People v Luperon, 85 NY2d 71, 81 [1995]; People v Berkowitz, 50 NY2d 333, 349 [1980]). We find no merit to defendant's contention that the People's statement of readiness on April 23, 2015 was illusory.

In People v Brown (28 NY3d at 405-406 [internal quotation marks omitted]), the Court of Appeals stated:

"an off-calendar statement of readiness is presumed truthful and accurate and . . . a defendant who challenges such a statement must demonstrate that it is illusory. . . . Although the defendant bears the ultimate burden of demonstrating that a statement is illusory, the People retain the obligation in the postreadiness context to ensure that the record explains the cause of adjournments sufficiently for the court to determine which party should properly be charged . . . . [I]f the People announce that they are not ready after they have filed an off-calendar statement of readiness, the People ultimately must explain the reason for their change in readiness status."

On April 23, 2015, the People filed a supporting deposition and a CPL 710.30 notice, and the assistant district attorney (ADA) stated that the People were ready for trial. The case was adjourned to April 30, 2015, on which date defendant's appearance was waived and the case was adjourned to May 12, 2015 for hearings and trial. Defendant argues that the People could not have been ready for trial on April 23rd since they did not communicate with the complainant until November 2015 and, therefore, all of the time from April 23rd to November 2015 is chargeable to them. We note, however, that although the ADA who was newly assigned to the case in November 2015 stated that she had not spoken to the complainant prior to her assignment, that does not mean that the ADA assigned to the case in April 2015 had not [*3]communicated with the complainant, and defendant did not otherwise substantiate his claim that no prosecutor in the District Attorney's Office had communicated with the complainant from April 23rd to November 2015.

The People were not ready on August 18, 2015 because the assigned ADA was out of the office for a medical reason. The People subsequently filed an off-calendar statement of readiness on September 1, 2015. However, on the next adjourned date, October 20, 2015, the People were not ready because the same ADA was out with the flu. Although the People did not provide the specifics of the ADA's medical issues on August 18th, their statement that they were ready to proceed on September 1st should be taken as true (see People v Brown, 28 NY3d at 405) and the fact that the ADA had the flu about nine weeks later on October 20th does not mean that the ADA was unavailable on September 1st. Consequently, since defendant did not establish that the September 1st off-calendar statement of readiness was illusory, the 49-day time period from September 1st to October 20th is not chargeable to them. In view of the foregoing, we need not address whether the People should be charged with the six days from November 4, 2015 to November 10, 2015 since, in any event, the People would not be chargeable with more than 90 days of delay.

As defendant's statutory right to a speedy trial had not been violated, a CPL 30.30 motion to dismiss the accusatory instrument would have had little chance for success and, "[i]t is well settled that an attorney's failure to make a motion or argument that has little or no chance of success does not amount to ineffective assistance" (People v Johnson, 94 AD3d 1563, 1564 [2012] [internal quotation marks omitted]; see People v Ennis, 11 NY3d 403, 405 [2008]; People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]).

With respect to child witnesses, CPL 60.20 (2) provides that a "witness less than nine years old may not testify under oath unless the court is satisfied that he or she understands the nature of an oath" (see also People v Morales, 80 NY2d 450, 452-453 [1992]; People v Hetrick, 80 NY2d 344, 349 [1992]). Before making a determination of the child's testimonial capacity, "the court is required to conduct a preliminary examination of the prospective witness, which typically involves several interrelated inquiries: does the child know the difference between a lie and the truth; does the child know the meaning of an oath; does the child understand what can happen if she tells a lie; and does the child have ability to recall and relate prior events" (People v Morales, 80 NY2d at 453 [internal quotation marks omitted]; see People v Parks, 41 NY2d 36, 46 [1976] [the "witness must, at a minimum, have 'some conception' of the obligations of an oath and the consequences of giving false testimony"]).

Although the Criminal Court, during its voir dire examination of the complainant, failed to ask the complainant about an oath or whether she could keep a promise to tell the truth, such a failure is not dispostive in determining whether the complainant could understand the nature of an oath pursuant to CPL 60.20 (2) (see People v Cordero, 257 AD2d 372, 375-376 [1999]). Upon a review of the Criminal Court's voir dire examination, we find that the record clearly shows that the complainant "possessed sufficient intelligence and capacity to be sworn as a [*4]witness" in that she had a "keen understanding of the distinction between telling the truth and lying" (People v Cordero, 257 AD2d at 375). In response to questioning by the Criminal Court, the complainant stated that she believed in God, went to church, and knew the difference between telling the truth and telling a lie. The complainant stated that the truth is something "[t]hat happened," whereas a "lie is bad, wrong," was something "[t]hat did not happen," and responded "No" when asked if it was "okay to tell a lie." The complainant also stated that her mother would scold her when she lied, and that she understood that she was not allowed to tell a lie in court. The complainant replied "yes" when the court asked her to "promise me to tell me the truth when you answer questions here in court."

As stated in People v Cordero, "[w]hile it appears that the [trial] court was trying to determine whether the child understood the concept of punishment, the law does not require that children define abstract concepts with the sophistication of an adult" (id. at 375). In view of the complainant's demonstrated level of understanding, the Criminal Court's examination was sufficient to establish that the complainant was capable of giving sworn testimony pursuant to CPL 60.20 (2) (see id. at 376). Although the court could have employed better wording, we find that its inquiry of the complainant as to whether she "promise[d] . . . to tell . . . the truth when you answer questions here in court" was sufficient to swear her in as a witness.<sc></sc>

Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]) and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of attempted sexual abuse in the third degree and attempted endangering the welfare of a child. Defendant's intent can be inferred from the act itself or from defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]).

Furthermore, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict convicting defendant of attempted sexual abuse in the third degree and attempted endangering the welfare of a child was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).

Defendant's contention that the Criminal Court acted in retaliation by punishing him for exercising his right to trial by imposing two concurrent 90-day terms of imprisonment is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Major, 143 AD3d 1155, 1160 [2016]; People v Haskins, 121 AD3d 1181, 1185 [2014]). In any event, upon a review of the record, we find that there is no support for the conclusion that the sentence was retaliatory rather than based upon the seriousness of the offense and other relevant sentencing factors. Moreover, the Criminal Court was not required to obtain a presentence report pursuant to CPL 390.20 (2) (b) or (c), and defendant has failed to show that the court [*5]improvidently exercised the discretion afforded to it pursuant to CPL 390.20 (3) in declining to order a presentence report.

Accordingly, the judgment of conviction is affirmed.

PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 17, 2019

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>